# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### SOUTHEASTERN DIVISION

LESLIE BERNARD HOWARD,      )
                                  )

        Plaintiff,           )
                                  )

     v.                   )         No. 1:12CV3 LMB
                                  )

UNKNOWN KNUDSEN, et al.,      )
                                  )

        Defendants.      )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 1207289), an inmate at the Southeast Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $3.42. See 28 U.S.C. § 1915(b)(1). Additionally, the Court will order plaintiff to submit an amended complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $17.08, and an average monthly balance of $9.85. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $3.42, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 112 S. Ct. 1728,

1733 (1992).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.  <u>Spencer v. Rhodes</u>, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), <u>aff'd</u> 826 F.2d 1059 (4th Cir. 1987).  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1974 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 against Unknown Knudsen and Correctional Medical Services alleging violations of his civil rights which allegedly occurred during his incarceration at Moberly Correctional Center.  Specifically, plaintiff asserts that defendant medical doctor Knudsen was deliberately indifferent to his serious medical needs when he failed to adequately treat an infection in his foot which resulted in a partial amputation.  Plaintiff seeks monetary relief.

## Discussion

The complaint is silent as to whether defendants are being sued in their official or individual capacities.  Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." <u>Egerdahl v. Hibbing Community College</u>, 72 F.3d 615, 619 (8th Cir. 1995); <u>Nix v. Norman</u>, 879 F.2d 429, 431 (8th Cir. 1989).  Naming a

government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case Correctional Medical Services. However, plaintiff has not alleged a policy by CMS that caused his injuries. In Sanders v. Sears Roebuck and Company, 984 F.2d 972 (8th Cir.1993), the court held that a corporation acting under color of state law will be held liable under section 1983 only for its own unconstitutional policies or actions. "The proper test is whether there is a policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983." Id., 984 F.2d at 976. Thus, to state a viable claim against CMS for an injury caused by an unconstitutional policy, plaintiff must allege facts indicating the defendant doctor acted pursuant to an official CMS policy and the official policy is responsible for plaintiff being denied constitutionally adequate medical care. In this case, plaintiff has not done so.

Because of the serious nature of the allegations in the complaint, the Court will not dismiss the case at this time. Instead, the Court will give plaintiff the opportunity to file an amended complaint. Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and claims that are not realleged are deemed abandoned. E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396

F.3d 922, 928 (8th Cir. 2005). If plaintiff fails to file an amended complaint within thirty (30) days, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $3.42 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint no later than thirty (30) days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Court shall mail to plaintiff a copy of the Court's form Prisoner Civil Rights Complaint.

Dated this __18th__ day of January, 2012.

_Lewis M. Blanton_

LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE